Cupp, J.,
concurring in part and dissenting in part.
{¶ 79} I concur in paragraph one of the syllabus, which holds, “As applied to an insurance policy’s intentional-act exclusion, the doctrine of inferred intent is not limited to cases of sexual molestation or homicide.” I also concur in part in the court’s judgment insofar as it affirms the court of appeals’ judgment that the trial court erred in granting Erie’s and Grange’s motions for summary judgment.
{¶ 80} I further agree with the court that there is no coverage under the American Southern policy and that American Southern is therefore under no duty to defend or indemnify Dailyn Campbell and his parent. For that reason, I concur in part in the court’s judgment insofar as it reverses the judgment of the court of appeals as it applies to American Southern.
*204 Crabbe, Browne & James, L.L.P., and Daniel J. Hurley, for appellant Allstate Insurance Company.
Mazza & Associates and Robert H. Willard, for appellant American Southern Insurance Company.
Caborn & Butauski Co., L.P.A., David A. Caborn, and Elizabeth D. Owsley, for appellant Erie Insurance Exchange.
Gary L. Grubler, for appellant Grange Mutual Casualty Company.
Karr & Sherman Co., L.P.A., Keith M. Karr, and David W. Culley, for appellee Robert J. Roby Jr.
Paul 0. Scott Co., L.P.A., and Paul 0. Scott, for appellees Dustin S. Zachariah and Katherine E. Piper.
Reminger Co., L.P.A., Brian D. Sullivan, and Clifford C. Masch, urging reversal for amicus curiae Ohio Association of Civil Trial Attorneys.
{¶ 81} However, unlike the majority, I conclude that there is no coverage under Allstate Insurance Company’s policy. In contrast to the other policies in this case, which exclude from coverage harm that is expected or intended by the insured, the Allstate policy includes language that excludes coverage for bodily injury or property damage “which may reasonably be expected to result from the intentional or criminal acts or omissions of’ an insured. As the majority concludes with regard to the American Southern policy, language that excludes bodily injury or property damage that results from “an intentional act” of the insured is broad. The Allstate policy’s addition of the qualifier that the harm must have been “reasonably” expected to result from the intentional act, in my view, does not warrant different treatment of the Allstate policy from the American Southern policy. While the car crash that occurred in this case was not “certain” to occur — at least in the manner that it did — it is hard to dispute that such an event could “reasonably” be expected to result from the “intentional * * * acts” of the teenagers in this case, a more objective than subjective standard. In my view, there is no genuine issue of material fact with regard to that issue under Allstate’s policy, because under the objective “reasonably * * * expected to result” standard in that policy, the boys’ professed subjective intent not to harm anyone is immaterial. Accordingly, I also would reverse the judgment of the court of appeals with regard to Allstate and reinstate the trial court’s summary judgment in favor of Allstate. I would hold that Allstate is under no duty to defend or indemnify Dailyn Campbell’s parent and the parents of Jesse Howard.
*205 Paul W. Flowers Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae Ohio Association for Justice.